IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| REGINALD EVANS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:21-cv-01637-PX |
| 7520 SURRATTS ROAD OPERATIONS, LLC, *et al.*, | * | |
| | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

This matter is before the Court on the motion to dismiss filed by Defendants 7520 Surratts Road Operations, LLC, doing business as Bradford Oaks Center and Genesis HealthCare, LLC (collectively "Defendants"). ECF No. 13. No hearing is required on the motion. *See* Loc. R. 105.6. For the reasons stated below, the motion to dismiss is granted, but Plaintiff Reginald Evans will be given one opportunity to amend the Complaint to cure the pleading defects, if possible.

### I.       Background

Defendant 7520 Surratts Road Operations, LLC, doing business as Bradford Oaks Center ("Bradford Oaks"), is a residential treatment facility that provides physical rehabilitation and medical services to its patients. ECF No. 1 ¶¶ 4–8. Defendant Genesis HealthCare, LLC is in charge of billing and management services at the facility. *Id.* ¶ 5. In February 2020, Reginald Evans ("Evans"), an African American male, was receiving medical treatment at Southern Maryland Hospital and required transfer to a facility that provided long term physical rehabilitation services. Between February and August 2020, Evans received such care at Bradford Oaks. *Id.* ¶¶ 3, 6, 12. Medicaid covered all related expenses. *Id.* ¶ 7.

In June of 2020, Evans began receiving disability payments from the Social Security Administration.  ECF No. 1 ¶ 8.  Bradford Oaks collected these funds instead of depositing them into Evans' checking account.  *Id.* ¶¶ 8–9.  Evans, in turn, directed that the disability payments were to be deposited into his own account.  *Id.* ¶ 10.  After two missed monthly payments in July and August 2020 for services rendered, Bradford Oaks issued to Evans two "Notices of Proposed Involuntary Discharge."  Evans left Bradford Oaks after the August 3, 2020 notice.  *Id.* ¶ 10, 12.

On July 2, 2021, Evans filed the six count Complaint against Defendants,[1] alleging race discrimination in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d, *et seq.* ("Title VI"), and 42 U.S.C. § 1981.  The Complaint broadly accuses Bradford Oaks of providing superior care and treatment to white residents as compared to black residents, and claims, without any detail, that white residents were permitted to "keep" their social security payments.  ECF No. 1 ¶¶ 15–22.  The Complaint further alleges the substandard care afforded to black residents also led to Defendants amputating Evans' leg.  *Id.* ¶ 18.  The Complaint concludes that Defendants generally are motivated by "discriminatory animus."  *Id.* ¶ 16.

On August 2, 2021, Defendants moved to dismiss the Complaint for failure to state a plausible claim of discrimination.  Because the Complaint amounts to barebones allegations devoid of sufficient facts to make the claims plausible, it must be dismissed.[2]

## II.    Standard of Review

A motion to dismiss brought pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the sufficiency of the complaint.  *See Presley v. City of Charlottesville*, 464 F.3d

---

[1] Evans labeled two counts of the Complaint as "Count Five."  ECF No. 1 ¶¶ 21–22.  For sake of clarity, the Court refers to Evans' final count as "Count VI."

[2] Evans has also moved for default judgment, arguing that Defendants' failure to answer the Complaint entitles him to judgment in his favor.  ECF No. 16.  However, Defendants, having moved for dismissal under Rule 12(b)(6), are not in default.  *See* Fed. R. Civ. P. 12(a)–(b).  The motion is denied.

480, 483 (4th Cir. 2006) (citation and internal quotation marks omitted).  A plaintiff need only satisfy Rule 8(a)'s requirement to provide a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court accepts "the well-pled allegations of the complaint as true," and construes all facts and reasonable inferences most favorably to the plaintiff.  *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997).

A complaint's factual allegations "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).  The Court must be able to deduce "more than the mere possibility of misconduct"; the facts of the complaint, accepted as true, must demonstrate that the plaintiff is entitled to relief.  *See Ruffin v. Lockheed Martin Corp.*, 126 F. Supp. 3d 521, 526 (D. Md. 2015) (quoting *Iqbal*, 556 U.S. at 679).

Generally, pro se plaintiffs are held to a "less stringent" standard than a lawyer, and a court should construe the claims liberally.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  But "even a *pro se* complaint must be dismissed if it does not allege a 'plausible claim for relief.'"  *Forquer v. Schlee*, No. RDB-12-969, 2012 WL 6087491, at *3 (D. Md. Dec. 4, 2012) (quoting *Iqbal*, 556 U.S. at 679).

**III.    Analysis**

Defendants challenge Evans' claims of discrimination brought pursuant to 42 U.S.C. § 1981 and Title VI.  At bottom, Defendants move to dismiss all counts of the Complaint

because Evans provides no factual support for any of the six counts.  ECF No. 13 at 1–2.  The Court addresses each statutory theory of liability separately.

### A.      Section 1981 Claims

Evans brings his § 1981 claims in Counts I–II and IV–VI.  ECF No. 1 ¶¶15–18, 20–22.  Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . and to the full and equal benefit of all laws . . . as is enjoyed by white citizens."  42 U.S.C. § 1981(a).  A § 1981 action "must be founded on purposeful, racially discriminatory actions."  *Spriggs v. Diamond Auto Glass*, 165 F.3d 1015, 1018 (4th Cir. 1999).

To survive dismissal of the § 1981 race discrimination claim, the Complaint must plausibly aver that (1) the plaintiff is a member of a protected race; (2) the defendant intended to discriminate against plaintiff on the basis of race; and (3) the discrimination concerned one or more of the statutorily enumerated activities.  *Greene v. YRC, Inc.*, 987 F. Supp. 2d 644, 656 (D. Md. 2013) (citing *Mian v. Donaldson, Lufkin, & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993)).  Such enumerated activities include the "making, performance, modification, and termination of contracts."  42 U.S.C. § 1981(b).  Section 1981 claims are subject to the same burden-shifting framework applicable to Title VII discrimination claims under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  *See Woods v. City of Greensboro*, 855 F.3d 639, 649 (4th Cir. 2017).  However, at the pleading stage, a plaintiff need only aver sufficient facts to make plausible that he was the victim of intentional discrimination.  *Id.* at 648–49.  As to a violation of § 1981, the Complaint must make plausible that "but for" a plaintiff's race, he would not have "suffered the loss of a legally protected right."  *Comcast Corp. v. Ass'n of Afr. Am.- Owned Media*, 140 S. Ct. 1009, 1019 (2020).

Although Evans indisputably is a member of a protected class, the Complaint fails to make plausible that Defendants have engaged in intentional discrimination prohibited under § 1981.  Reading the Complaint most charitably, Evans and Defendants maintained a contractual relationship in connection with his rehabilitative care.  But Evans merely avers, in conclusory fashion, that he was treated comparatively worse than unidentified and unnamed white residents.  For example, although the Complaint avers that Evans' leg was amputated on account of discriminatory animus, ECF No. 1 ¶ 18, he avers no facts which tie this unfortunate circumstance to intentional discrimination.  He provides no other details to make this allegation plausible.  *See* ECF No. 1 ¶¶ 15–22.

Further, to the extent the Complaint avers Defendants had discharged residents for non-payment or compelled surrender of disability checks, no facts make plausible that these acts were connected to the making or performance of any contract.  *Id.* ¶¶ 16, 18, 20–22.  The Complaint does not make clear what benefits of the contract that Bradford Oaks denied Evans, or that white residents with similar contractual provisions received benefits under those contractual terms that Evans did not.  Nor does the Complaint make plausible that "but for [his] race," Evans was denied a benefit of his contract with Bradford Oaks.  *See Comcast*, 140 S. Ct. at 1019.  In short, the Complaint fails to plead any facts that support his naked legal averments.  Accordingly, the Defendants' motion must be granted as to the § 1981 claims.[3]

---

[3] Defendants alternatively press that two of the § 1981 claims, counts II and IV, must be dismissed because Evans failed to exhaust administrative remedies under the Maryland Health Care Malpractice Claims Act, Md. Code. Ann., Cts. & Jud. Proc. Art. § 3-2A-01, *et seq.*  ECF No. 13-1 at 14.  The Court is not convinced that the Complaint, even broadly read, states a medical malpractice claim; and in any event, the Court declines to exercise supplemental jurisdiction over the state law claims at this time.  *See* 28 U.S.C. § 1367(c).  If Evans elects to amend the Complaint and intends to bring state law claims sounding in medical negligence, the Amended Complaint must make this election clear.  He must identify such claims in separate counts of the Amended Complaint, and likewise address what steps, if any, he has taken to exhaust the procedures as required under the Maryland Health Care Malpractice Claims Act.  *See Tootle v. Beaux Art Inst. of Plastic Surgery*, No. JFM-17-1684, 2018 WL 11309929, at * 1 (D. Md. Apr. 2, 2018) (citing *Davison v. Sinai Hosp. of Balt., Inc.*, 462 F. Supp. 778, 779–81 (D. Md. 1979), aff'd 617 F.2d 361 (4th Cir. 1980)).

**B.**     **Title VI of the Civil Rights Act**

Defendants also move to dismiss the discrimination claims brought pursuant to Title VI of the Civil Rights Act of 1964 ("Title VI"), as amended, 42 U.S.C. § 2000d, *et seq*. (Counts III and VI), because again, no facts support that Defendants engaged in purposeful discrimination on account of Evans' race.  ECF No. 13-1 at 7–9.  Title VI provides that no person shall, "on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."  42 U.S.C. § 2000d.  To survive a motion to dismiss under Title VI, a plaintiff must plead sufficient facts supporting (1) the defendant is a recipient of federal financial assistance; and (2) the defendant intentionally discriminated against plaintiff on the basis of race, color, or national origin.  *See id.*; *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001).

The parties do not dispute that the first element is made plausible in the Complaint.  The Complaint avers that Evans receives benefits arising from Medicare and Medicaid payments, which Defendants curtailed when it "kept" the benefits that he had received.  *See Ratliff v. Wake Forest Baptist Med. Ctr.*, No. 1:13CV991, 2014 WL 197809, at *2 (M.D.N.C. Jan. 14, 2014) (citing *United States v. Baylor Univ. Med. Ctr.*, 736 F.2d 1039, 1044–46 (5th Cir. 1984)) ("Title VI affords a cause of action to a patient who alleges racial discrimination in the care given by a medical facility that accepts any federal funds."); *cf. Dorer v. Quest Diagnostics Inc*., 20 F. Supp. 2d 898, 899–900 (D. Md. 1998) (finding that a hospital's acceptance of Medicare or Medicaid constitutes a "program or activity receiving Federal financial assistance" under the Rehabilitation Act, 29 U.S.C. § 794); *Radcliff v. Landau*, 883 F.2d 1481, 1483 (9th Cir. 1989) (finding that a school's acceptance of a student's federal financial aid subjects the entire school to Title VI coverage).

However, viewing the Complaint most favorably to Evans, no facts make plausible that the Defendants intentionally discriminated against Evans by keeping these payments. As to Count III, the Complaint avers only that "Defendant took Plaintiff's Disability payment without consent and discriminate[d] against the Plaintiff with Medicaid benefits. The stated reasons [*sic*] the Defendant's discriminatory animus." ECF No. 1 ¶ 19. Similarly, as to Count VI, the Complaint avers that white residents were permitted to "keep their disability payment while at the center for rehab." *Id.* ¶ 22. But no facts support that the disparate treatment as averred was the product of discrimination. Evans must do more than simply allege his unfavorable treatment was on account of "discriminatory animus." He must give some facts to support that the Defendants' alleged misconduct was motivated by race. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Because this claim too is insufficiently pleaded, it must be dismissed.

### C. Opportunity to File an Amended Complaint

Because Evans proceeds pro se, the Court will afford Evans one opportunity to amend the Complaint to cure the pleading defects as discussed above, if possible. Evans must file the Amended Complaint within 28 days of this Order. Evans should adhere to Federal Rule of Civil Procedure 8(a) requiring that he submit a "short and plain statement" of the facts supporting the claims, as well as this Court's Local Rules concerning the filing of amended pleadings. *See* Fed. R. Civ. P. 8(a)(2); Loc. R. 103.6

Should Evans elect not to file an Amended Complaint, the Court will dismiss the claims with prejudice and close the case. If an Amended Complaint is filed, Defendants shall have 14 days to answer or otherwise respond.

A separate Order follows.

    11/16/2021                                   /S/

Date                                               Paula Xinis

                                              United States District Judge